David A. Chami, AZ # 027585 *(local counsel)*
**CONSUMER ATTORNEYS**
8245 N. 85TH Way
Scottsdale, AZ 85258
T: (480) 626-2359
E: dchami@consumerattorneys.com

Seth M. Lehrman, FL # 132896 *(pro hac vice to be submitted)*
**EDWARDS POTTINGER LLC**
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
T: 954-524-2820
E: seth@epllc.com

John A. Love, GA. # 459155 *(pro hac vice to be submitted)*
**LOVE CONSUMER LAW**
2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
T: 404.855.3600
E: tlove@loveconsumerlaw.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brandon M. Evans<br><br>    Plaintiff,<br>v.<br><br>Carvana, LLC,<br><br>    Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

1

**COMPLAINT**

COMES NOW Plaintiff, Brandon M. Evans, by counsel, and hereby files his Complaint ("Complaint") against Defendant Carvana, LLC ("Defendant" or "Carvana"), as follows:

**INTRODUCTION**

1. This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA").

2. Plaintiff is the victim of identity theft as the result of a fraudster's unauthorized use of some of his personal identifiable information ("PII") to apply for numerous accounts in his name and without his knowledge or consent.

3. Plaintiff is a "consumer" and Defendant is a "person" as those terms are defined, or otherwise used, by the FCRA. Defendant is also a "user" of consumer reports as that term is used in the FCRA.

4. As set forth below, Defendant requested and obtained Plaintiff's consumer reports from the national credit bureaus, Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian"), on at least five occasions without a permissible purpose under the FCRA (the "Impermissible Inquiries").

5. As a result of Defendant's wrongful access to Plaintiff's consumer reports as described herein, Plaintiff has suffered damages as set forth below.

6. Plaintiff suffered concrete harm as a result of Defendant's violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

7. At all times material to this action, Plaintiff was a resident of Ohio. He is a math teacher. He has a Bachelor's Degree in Secondary Mathematics and a Master's Degree in Educational Technology.

8. At all times material to this action, Defendant was an Arizona corporation with its principal place of business in Arizona. Defendant does business in Arizona and Ohio.

9. Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: Corporation Service Company, 8825 N. 23rd Avenue, Suite 100, Phoenix, AZ 85021.

10. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

11. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

12. Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

13. Plaintiff lives and works in Munroe Falls, Ohio.

14. The specific Impermissible Inquiries included, at least, the following:

    (i) Defendant requested and obtained Plaintiff's consumer report on or about 09/22/2022 from Trans Union ("TU Inquiry"). A copy of the TU Inquiry is attached hereto as Exhibit A. Trans Union lists the TU Inquiry as an Account Review on Plaintiff's Trans Union credit file; (ii) Defendant

3

requested and obtained Plaintiff's consumer report on 09/22/2022 from Experian. Upon information and belief, Defendant requested and obtained three separate consumer reports concerning Plaintiff from Experian on 09/22/2022 (the "Experian Inquiries"). A copy of the Experian Inquiries are attached hereto as Exhibit B. Three of the consumer reports requested and obtained by Experian on 09/22/2022 were so-called "soft inquiries" and the fourth was a so-called "hard inquiry" (the "Experian Hard Inquiry"). Defendant is aware that a "hard inquiry" request for a consumer report can impact a consumer's credit score.

15. At the times Defendant requested and obtained Plaintiff's consumer reports for the Impermissible Inquiries, Plaintiff (a) had not applied for credit with Defendant nor initiated any credit or business transaction involving Defendant; (b) had not applied for employment with Defendant; (c) had not applied for insurance with Defendant; (d) had not authorized Defendant to request and obtain his consumer reports for any reason; (e) did not have any open and/or closed accounts with Defendant; and (f) did not thereafter receive any firm offers of credit from Defendant. Plaintiff has never applied for nor purchased a vehicle from Defendant nor authorized anyone else to do so in his name.

16. On its website, Defendant states that "[b]y pre-qualifying for a Carvana auto loan, you can browse our expansive inventory of vehicles with completely personalized financing terms without impacting your credit score" and, further, that a consumer may "get terms instantly without impacting your credit score" and, further, that Carvana will "do a formal credit inquiry when you schedule your delivery or pickup." A copy of

Carvana's website pages containing these statements is attached hereto as Exhibit C (emphasis added to relevant portions of Exhibit).

17. Defendant never sold or delivered a car to Plaintiff. Upon information and belief, Defendant never sold and delivered a car to the fraudster that applied with Defendant using Plaintiff's name. Accordingly, even under Defendant's own stated procedures, it had no permissible purpose to request and obtain the Experian Hard Inquiry credit file.

18. As a result of Defendant's wrongful conduct described above, Plaintiff experienced emotional distress and worry over what Defendant has done with his private information and which of Defendant's employees have had access to it; invasion of his privacy because Defendant was not authorized to review Plaintiff's private consumer reports and account information; anger that Defendant requested and obtained his consumer reports when he obviously did not have an account with Defendant; a lowered credit score as a result of the Experian Hard Inquiry; and, the time and work required to review his credit files to identify Defendant's impermissible access to his credit reports and make disputes of such impermissible access with the credit bureaus.

19. As a result of Defendant's violations of the FCRA, Plaintiff was required to retain legal counsel to assist him.

## COUNT ONE:
**Carvana's Negligent Violations of the FCRA**

20. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

21. Defendant negligently violated the FCRA by requesting and obtaining his consumer reports without a permissible purpose set forth in Section 1681b of the FCRA.

22. As a result of Defendant's violations of the FCRA, Plaintiff has been damaged as set forth above.

23. Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for his damages as set forth above and, in an amount, to be determined by the Court.

24. Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for his reasonable attorneys' fees and costs.

**COUNT TWO:**
**Carvana's Willful Violations of the FCRA**

25. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

26. Defendant willfully violated the FCRA by recklessly requesting and obtaining his consumer reports without a permissible purpose set forth in Section 1681b of the FCRA.

27. As a result of Defendant's willful violations of the FCRA, Plaintiff has been damaged as set forth above.

28. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for his damages as set forth above and, in an amount, to be determined by the jury.

29. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for statutory and punitive damages as a result of its willful violations of the FCRA.

30.     Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests the judgment be entered in his favor and against Defendant for his actual damages, punitive damages, statutory damages, attorneys' fees and costs, that he have a trial by jury, and all other relief deemed just, equitable, and proper by the Court.

**TRIAL BY JURY IS DEMANDED.**

Dated: March 28, 2023.

Respectfully submitted,

**CONSUMER ATTORNEYS**

/s/ *David A. Chami*

David A. Chami, AZ # 027585
8245 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
E: dchami@consumerattorneys.com

*Attorney for Plaintiff*